Civil Action No. 5:17-cv-868

# EXHIBIT  A

```
Proceeding(s) for Cause Nbr 2017CI13505 displayed successfully
                 ***** Bexar County Centralized Docket System *****
09/06/2017             - Proceeding Information -                15:18:24
JURY FEE PAID               Case 2017CI13505
Selection: __   Case Nbr: 2017CI13505_____  Qualifier _____
  Style: VICTOR DELACRUZ vs BARTON TRANSPORT LLC ET AL
  Court: 037    Docket Type: MOTOR VEHICLE ACCIDENT          Status: PENDING
Actions:(A,M,P)       Unpaid Balance:        0.00  Account Number:
     Seq   Date Filed      Reel    Image     Page Cnt
  _  00001 07/25/2017
     DESC: PETITION
               WJD
  _  00002 07/25/2017
     DESC: CIVIL CASE INFORMATION SHEET
  _  00003 07/25/2017
     DESC: SERVICE ASSIGNED TO CLERK 2
  _  00004 07/25/2017
     DESC: JURY FEE PAID
  _  00005 09/01/2017
     DESC: ORIGINAL ANSWER OF
             BARTON TRANSPORT LLC


Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
       help  retrn main  add  build top  bkwrd frwrd bot   SI    TI   quit
```

```
                 ***** Bexar County Centralized Docket System *****
09/06/2017                - Services List By Cause Nbr -                    15:18:32
                              Case 2017CI13505
_____                      _____
Selection: __  Case Number: 2017CI13505____
Style: VICTOR DELACRUZ vs BARTON TRANSPORT LLC ET AL
Court: 037   Docket Type: MOTOR VEHICLE ACCIDENT              Status: PENDING
                  Unpaid Balance:       0.00  Account Number:
Act
(S)  Seq  Service Type/Dates:           Dist  Litigant Name:
 _   00001 CITATION                      4  BARTON TRANSPORT LLC
             Iss: 07/26/2017  Rec: 08/04/2017  Exe: 08/09/2017  Ret: 08/24/2017
             P/U BY ANITA BERNS 08/03/2017
 _   00002 CITATION                      4  SUSAN RAE BRAY
             Iss: 07/26/2017  Rec:          Exe:          Ret:
             P/U BY ANITA BERNS 08/03/2017
                       *** End of Data ***




 Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
       help  retrn main  add         top  bkwrd frwrd bot   AI    PI    quit
```

FILED
7/25/2017 11:14 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

2 cit pps sac2

CAUSE NO. **2017CI13505**

| | | |
|---|---|---|
| **VICTOR DELACRUZ,** | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | **37** ____ JUDICIAL DISTRICT |
| **BARTON TRANSPORT LLC, AND** | § | |
| **SUSAN RAE BRAY,** | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

---

## PLAINTIFF'S ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **VICTOR DELASCRUZ** hereinafter referred to by name or as Plaintiff, and complains of **BARTON TRANSPORT LLC AND SUSAN RAE BRAY** hereinafter referred to by name or as Defendants', and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Discovery shall be conducted in this case according to LEVEL 3 Discovery Control Plan pursuant to RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.      Plaintiff **VICTOR DELACRUZ** is an individual residing in Bexar County, Texas.

3.      Defendant **BARTON TRANSPORT LCC** is a Domestic For-Profit Corporation doing business in Texas, and may be served with process through their registered agent, BARTON, GLENN, 25711 YELLOW BLUFF RD, LUCEDALE, MS 39452.

**4.** Defendant **SUSAN RAE BRAY** is a resident of Jackson County, Mississippi and may be served at her place of residence at PO Box 438, Gautier, Mississippi 39553.

### III.

### JURISDICTION & VENUE

**5.** Venue is proper in Bexar County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in Bexar, Texas.

### IV.
### FACTS

**6.** On or about November 18, 2015, Plaintiff **VICTOR DELACRUZ** was traveling on Interstate Highway 35 in Bexar County, Texas. The Plaintiff's vehicle was suddenly, violently, and without warning struck from behind by Defendant **SUSAN RAE BRAY's** vehicle. The Defendant was in the course and scope of her employment with Defendant **BARTON TRANSPORT LLC** and with the permission and/or consent of **BARTON TRANSPORT LLC.** The impact of the collision caused serious injury to the Plaintiff.

### V.
### CAUSES OF ACTION AGAINST
### DEFENDANT BARTON TRANSPORT LLC

*A.*    *RESPONDEAT SUPERIOR*

**7.** The incident made the basis of this lawsuit, on or about November 18, 2015, Defendant **SUSAN RAE BRAY** was engaged in the course and scope of her employment with Defendant **BARTON TRANSPORT LLC.** Therefore, Defendant **BARTON**

*VICTOR DELACRUZ V. BARTON TRANSPORT AND SUSAN RAE BARY*
*Plaintiff's Petition, TRCP 193.7 Notice, RFD, with Attached Discovery*

*PAGE 2 OF 7*

**TRANSPORT LLC** is responsible and liable for the conduct of their employee based on the doctrine of *respondeat superior*.

## VI.
## CAUSES OF ACTION AGAINST
## DEFENDANT SUSAN RAE BRAY

*A.*     *NEGLIGENCE*

**8.**     The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of the Plaintiff were proximately caused by the negligent conduct of the Defendant **SUSAN RAE BRAY**.  Defendant operated the vehicle she was driving in a negligent manner by violating the duty which she owed the Plaintiff to exercise ordinary care in the operation of her motor vehicle in one or more of the following respects:

  a.     failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

  b.     failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

  c.     operating her vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under of similar circumstances;

  d.     failing to turn the vehicle in an effort to avoid the collision in question;

  e.     failing to blow horn warning of imminent danger;

  f.     following too closely;

  g.     failing to maintain an assured, clear distance so as to avoid striking the vehicle in front of her.

**9.**     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

*VICTOR DELACRUZ V. BARTON TRANSPORT AND SUSAN RAE BARY*
*Plaintiff's Petition, TRCP 193.7 Notice, RFD, with Attached Discovery*

*PAGE 3 OF 7*

**B.   NEGLIGENCE PER SE**

**10.**     Further, Defendant failed to exercise the mandatory standard of care in violation of V.T.C.A .Transportation Code, Reckless Driving:  Offense §545.401.

**11.**     Further, Defendant failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, Following Distance: Offense §545.062.

**C.   GROSS NEGLIGENCE**

**12.**     Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendant outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff.  Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

**13.**     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

**VI.**
**DAMAGES**

**14.**     As a direct and proximate result of the collision, and the negligent conduct of the Defendants', Plaintiff **VICTOR DELACRUZ** suffered bodily injuries as reflected in the medical records from the health care providers who treated the injuries since the collision.  The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-

*VICTOR DELACRUZ V. BARTON TRANSPORT AND SUSAN RAE BARY*
*Plaintiff's Petition, TRCP 193.7 Notice, RFD, with Attached Discovery*

*PAGE 4 OF 7*

being.  As a further result of the nature and consequences of their injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

**15.**     As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention in the past and may incur medical expenses in the future to treat his injuries.

**16.**     By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now sues.

**17.**     Plaintiff asserts the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers.  However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## INTEREST

**18.**     Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

**19.**     Plaintiff **VICTOR DELACRUZ** demands a trial by jury.  Plaintiff acknowledges payment this date of the required jury fee.

## IX.
## REQUEST FOR DISCLOSURE

*VICTOR DELACRUZ V. BARTON TRANSPORT AND SUSAN RAE BARY*
*Plaintiff's Petition, TRCP 193.7 Notice, RFD, with Attached Discovery*

*PAGE 5 OF 7*

**20.**     Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is requested

to disclose, within fifty (50) days of service hereof, the information and material described in each

section of RULE 194.2.

## X.
## NOTICE OF SELF-AUTHENTICATION

**21.**     Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is

hereby noticed that the production of any document in response to written discovery authenticates

the document for use against that party in any pretrial proceeding or at trial.

## XI.
## ATTACHED DISCOVERY

**22.**     Attached to Plaintiff's Original Petition, are the following written discovery requests to

which Defendants' are requested to answer/respond within fifty (50) days of service hereof:

    a.    Plaintiff's First Set of Interrogatories to Defendant
        **BARTON TRANSPORT LLC**
    b.    Plaintiff's First Requests for Production to Defendant
        **BARTON TRANSPORT LLC**
    c.    Plaintiff's First Requests for Admissions to Defendant
        **BARTON TRANSPORT LLC**
    d.    Plaintiff's First Set of Interrogatories to Defendant
        **SUSAN RAE BRAY**
    e.    Plaintiff's First Requests for Production to Defendant
        **SUSAN RAE BRAY**
    f.    Plaintiff's First Requests for Admissions to Defendant
        **SUSAN RAE BRAY**

## XII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests the Defendants' be cited

to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the

*VICTOR DELACRUZ V. BARTON TRANSPORT AND SUSAN RAE BARY*
*Plaintiff's Petition, TRCP 193.7 Notice, RFD, with Attached Discovery*

*PAGE 6 OF 7*

Defendants' in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Property damage;
12. Loss of use;
13. Pre-judgment interest; and
14. Post-judgment interest

RESPECTFULLY SUBMITTED,

THE LAW OFFICES OF THOMAS J. HENRY
4715 FREDERICKSBURG RD., SUITE 507
SAN ANTONIO, TEXAS 78229
PHONE: (210) 656-1000
FAX: (361) 985-0601

BY:      /s/ SCOTT SAGER
         THOMAS J. HENRY
         STATE BAR NO.: 09484210
         SCOTT SAGER
         STATE BAR NO.: 240837778
         *email: ssager-svc@tjhlaw.com
         *service by email to this address only

ATTORNEYS FOR PLAINTIFF

*VICTOR DELACRUZ V. BARTON TRANSPORT AND SUSAN RAE BARY*
*Plaintiff's Petition, TRCP 193.7 Notice, RFD, with Attached Discovery*

*PAGE 7 OF 7*

CAUSE NO. _____

| | | |
|---|---|---|
| **VICTOR DELACRUZ,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| **BARTON TRANSPORT LLC, AND** | § | |
| **SUSAN RAE BRAY,** | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT BARTON TRANSPORT LLC

**TO:   DEFENDANT, BARTON TRANSPORT LLC,** Registered Agent, BARTON, GLENN, 25711 YELLOW BLUFF RD, LUCEDALE, MS 39452.

Pursuant to Rule 198, Texas Rules of Civil Procedure, you are requested to admit or deny the truth of statements or opinions of fact or of the application of law to fact, including the genuineness of any documents served with this requests or otherwise furnished or made available for inspection and copying.   This request extends to all matters set forth in the accompanying attachments.

Each matter of which an admission is requested will be admitted unless, within thirty (30) days after service of this request, or within fifty (50) days after service of the citation and petition, whichever is later, you serve upon the Plaintiff, through the undersigned attorney of record, a written answer or objection concerning such matter, either specifically denying the matter of which an admission is requested or setting forth in detail the reasons why you cannot truthfully either admit or deny the matter.

Respectfully submitted,

The Law Offices of Thomas J. Henry
4715 Fredericksburg Rd., Suite 507
San Antonio, Texas 78229
Phone: (210) 656-1000
Fax: (361) 985-0601

By:   /s/ Scott Sager
Thomas J. Henry
State Bar No.: 09484210
Scott Sager
State Bar No.: 240837778
*email: ssager-svc@tjhlaw.com
Attorneys for Plaintiff

*service by email to this address only

## REQUEST FOR ADMISSIONS

1.  Admit **SUSAN RAE BRAY** was operating the vehicle in question at the time of the incident which forms the basis of this suit.

    **ADMIT OR DENY:**

2.  Admit you were the owner of the vehicle in question on the date of the incident that is the basis of this lawsuit.

    **ADMIT OR DENY:**

3.  Admit the negligence of **SUSAN RAE BRAY** proximately caused the occurrence in question.

    **ADMIT OR DENY:**

5.  Admit **SUSAN RAE BRAY** was operating the vehicle in the course and scope of her employment.

    **ADMIT OR DENY:**

6.  Admit you are liable for the incident and injuries which form the basis of this lawsuit.

    **ADMIT OR DENY:**

7.  Admit there was no act or omission on the part of any third person which was the sole and proximate cause of the occurrence made the basis of this action.

    **ADMIT OR DENY:**

8.  Admit the occurrence made the basis of this action was not an unavoidable accident.

    **ADMIT OR DENY:**

9.  Admit the occurrence made the basis of this action was not the result of a sudden and unexpected emergency.

    **ADMIT OR DENY:**

10. Admit the occurrence made the basis of this action was not caused solely by an act of God.

    **ADMIT OR DENY:**

11. Admit that the Plaintiffs did not commit any act or omissions which constituted negligence which proximately caused the incident which is the basis of this lawsuit.

    **ADMIT OR DENY:**

CAUSE NO. _____

| | | |
|---|---|---|
| **VICTOR DELACRUZ,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | _____ **JUDICIAL DISTRICT** |
| **BARTON TRANSPORT LLC, AND** | § | |
| **SUSAN RAE BRAY,** | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SUSAN RAE BRAY

**TO:    DEFENDANT SUSAN RAE BRAY,** PO Box 438, Gautier, Mississippi 39553.

Pursuant to Rule 198, TEXAS RULES OF CIVIL PROCEDURE, you are requested to admit or deny the truth of statements or opinions of fact or of the application of law to fact, including the genuineness of any documents served with this requests or otherwise furnished or made available for inspection and copying.   This request extends to all matters set forth in the accompanying attachments.

Each matter of which an admission is requested will be admitted unless, within thirty (30) days after service of this request, you serve upon the Plaintiff, through the undersigned attorney of record, a written answer or objection concerning such matter, either specifically denying the matter of which an admission is requested or setting forth in detail the reasons why you cannot truthfully either admit or deny the matter.

Respectfully submitted,

LAW OFFICES OF THOMAS J. HENRY
4715 Fredericksburg Road, # 507
San Antonio, Texas  78229
(210) 656-1000 – Phone
(361) 985-0601 - Facsimile

By:       /s/Scott Sager
   Thomas J. Henry
   State Bar No. 09484210
   Scott Sager
   State Bar No. 240837778
   *email: ssager-svc@tjhlaw.com
   *service by email to this address only

   ATTORNEYS FOR PLAINTIFF

## DEFINITIONS AND INSTRUCTIONS

1.  As used herein, the terms "you" and "your" shall refer to this Defendant, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.  As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.  In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.      "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.      "Identify" or "Identification":

   (a)   When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

   (b)   When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

   (c)   When used in reference to a document, "identify" or "identification" shall include statement of the following:

      (i)     the title, heading, or caption, if any, of such document;
      (ii)    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;
      (iii)   the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;
      (iv)    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;
      (v)     the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;
      (vi)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and
      (vii)   the physical location of the document and the name of its custodian or custodians.

6.      "Settlement": as used herein, means:

   (a)   an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendants or between any Defendants herein whereby Plaintiff or Defendants

have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

(b)     any resolution of the differences between the Plaintiff and Defendants by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendants.

(c)     The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.      The "wreck" as used herein refers to the wreck made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **November 18, 2015,** through the date of production of responses requested herein.

## REQUESTS FOR ADMISSIONS

1.      Admit you were working for **BARTON TRANSPORT LLC** at the time of the wreck.

**ADMIT OR DENY:**

2.      Admit **BARTON TRANSPORT LLC** was the owner of the vehicle you were driving that was involved in the wreck.

**ADMIT OR DENY:**

3.      Admit your negligence proximately caused the wreck.

**ADMIT OR DENY:**

4.      Admit you are liable for the wreck and injuries which form the basis of this lawsuit.

**ADMIT OR DENY:**

5.      Admit there was no act or omission on the part of any third person which was the sole and proximate cause of the wreck.

**ADMIT OR DENY:**

6.      Admit the wreck was not an unavoidable accident.

**ADMIT OR DENY:**

7.      Admit the wreck was not the result of a sudden and unexpected emergency.

**ADMIT OR DENY:**

8.      Admit the wreck was not caused solely by an act of God

**ADMIT OR DENY:**

9.      Admit you did not commit any act or omissions which constituted negligence which proximately caused the wreck.

**ADMIT OR DENY:**

10.     Admit you had a cellular telephone/device in your possession at the time of the wreck.

**ADMIT OR DENY:**

11.     Admit you were using a cellular telephone/device at the time of the wreck.

**ADMIT OR DENY:**

12.     Admit you did not take any evasive action in an attempt to avoid the wreck.

**ADMIT OR DENY:**

13.     Admit you did not apply your brakes in an attempt to avoid the wreck.

**ADMIT OR DENY:**

14.     Admit you did not turn your vehicle in an attempt to avoid the wreck.

**ADMIT OR DENY:**

15.     Admit you failed to blow the vehicle's horn in an effort to avoid the wreck.

**ADMIT OR DENY:**

16.     Admit your failure to blow the vehicle's horn in an effort to avoid the wreck was a proximate cause of the wreck.

**ADMIT OR DENY:**

17.     Admit all vehicles must comply with the DOT "Rules of the Road."

**ADMIT OR DENY:**

18.     Admit you gave a recorded statement(s) about the wreck.

**ADMIT OR DENY:**

19.     Admit you prepared a written statement about the wreck.

**ADMIT OR DENY:**

20.     Admit you took pictures at the scene immediately after the wreck.

**ADMIT OR DENY:**

21.     Admit you have a criminal history.

**ADMIT OR DENY:**

22.     Admit you have been arrested prior to this wreck.

**ADMIT OR DENY:**

23.     Admit your responses herein are truthful.

**ADMIT OR DENY:**

CAUSE NO. _____

| | | |
|---|---|---|
| **VICTOR DELACRUZ,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| **BARTON TRANSPORT LLC, AND** | § | |
| **SUSAN RAE BRAY,** | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT BARTON TRANSPORT LLC

**TO:   DEFENDANT, BARTON TRANSPORT LLC,** Registered Agent, BARTON, GLENN, 25711 YELLOW BLUFF RD, LUCEDALE, MS 39452.

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff request that the Defendant produce copies of, or permit Plaintiff to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives, or attorneys.

Plaintiff designate the manner of discovery to be by Defendant providing Plaintiff's attorney with a photocopy or duplicate of each of the designated documents, records, or tangible things in Defendant's possession, custody, or control, or by making the designated items available for inspection, sampling, testing, photographing and/or copying at the office of Plaintiff's attorney. If the requested documents, records, or tangible things cannot readily be copied, produced, and delivered to Plaintiff's attorneys, or made available for inspection, sampling, testing, photographing, and/or copying at the office of Plaintiff's attorney, Plaintiff is agreeable to conducting discovery in the office of Defendant's counsel or Defendant's premises or obtaining delivery there from.

Plaintiffs designate 30 days after service to obtain custody of such items.  Pursuant to Rule 193.5 Texas Rules of Civil Procedure, these Requests for Production and Discovery are continuing in nature and require supplementation as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial.

Respectfully submitted,

The Law Offices of Thomas J. Henry
4715 Fredericksburg Rd., Suite 507
San Antonio, Texas 78229
Phone: (210) 656-1000
Fax: (361) 985-0601

By:     /s/ Scott Sager
        Thomas J. Henry
        State Bar No.: 09484210
        Scott Sager
        State Bar No.: 240837778
        *email: ssager-svc@tjhlaw.com
        Attorneys for Plaintiff

*service by email to this address only

## REQUEST FOR PRODUCTION

1. All photographs, video tapes, movies, and other graphic representations of the scene of the collision.

2. All photographs, video tapes, movies, and other graphic representations of the vehicles involved in the incident that forms the basis of this suit.

3. All photographs, video tapes, movies, and other graphic representations of the Plaintiff.

4. All investigative reports relating to the incident in question, including all documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein.

5. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the collision including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding insurance coverage.

6. All documents, records, notations, or memoranda relating to the repair and maintenance of the vehicle involved in the incident which forms the basis of this suit for the period of one (1) year immediately preceding the collision.

7. All documents and records relating to the damage and/or repair to any of the vehicles involved in the collision including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

8. All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards you contend or will contend at trial were violated by the Plaintiff.

9. All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, and any other area of scientific study that you claim to be a reliable authority which may be used by you at the time of trial.

10. All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

11. Any and all trial exhibits.

12. Any and all demonstrative evidence you intend to utilize at trial.

13. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

14. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the Plaintiff and/or concerning the medical or physical condition of the Plaintiff which are in the possession or constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

15. A copy of all documents relating to any criminal records pertaining to Plaintiff or any witnesses.

16. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about your employee driver arising from this incident.

17. All medical records or other documents which you contend show pre-existing medical condition relevant to Plaintiff's claim.

18. All documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

19. Complete driver's qualification file pertaining to **SUSAN RAE BRAY**, including but not limited to the following:

    a.   check sheet for driver's forms;
    b.   application for employment;
    c.   employment eligibility verification;
    d.   certificate of compliance;
    e.   request for check of driving record;
    f.   request for information from previous employer;
    g.   record and certificate of road test;
    h.   written examination and certificate;
    i.   answers to written examination;
    j.   driver's physical examination certificate with the expiration date;
    k.   controlled substance test results;
    l.   driver's data sheet;
    m.  record of violations;
    n.   annual review of driving record;
    o.   notice of disqualification; and
    p.   pocket cards.

20. A copy of **SUSAN RAE BRAY's** driver license.

21. All driver logbooks required pursuant to 49 C.F.R. 395 for the one year preceding the date of the incident for **SUSAN RAE BRAY.**

22. All company policies and guidelines (either in written form or in an audio/video format) relating to training and safety and driver attendance records pertaining to **SUSAN RAE BRAY.**

23. All pay records pertaining to **SUSAN RAE BRAY** for the 6 months prior to and including the date of the incident that forms the basis for this action.

24. Any and all worker's compensation records pertaining to **SUSAN RAE BRAY.**

25. Any and all results from drug and/or alcohol testing pertaining to **SUSAN RAE BRAY.**

26. Entire personnel file of **SUSAN RAE BRAY.**

27. All documents evidencing ownership of the vehicle involved in the incident in question.

28. All documents regarding any regulatory agency, including OSHA, USDOT, TXDOT, and TNRCC, inspections, investigations, citations, warnings or other reports regarding Defendants' motor carrier operations or vehicles for two years preceding the date of the incident that forms the basis of this suit through the present.

29. Please produce any and all written reports regarding the incident which forms the basis of this suit including any and all e-mails.

30. Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records completed by **SUSAN RAE BRAY.**

31. Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records involving the vehicle which was involved in the incident which forms the basis of this lawsuit.

32. Any and all documents referencing or relating to safety meetings held at Defendant's facilities including minutes and logs of attendance for two years preceding the date of the incident that forms the basis of this suit through the present.

33. All trip and/or operational documents pertaining to the movement of cargo by **SUSAN RAE BRAY**, or her tractor, in existence but at least for the one month period prior to and including the date of the incident that forms the basis of this suit. The term "trip" or "operational documents" as used herein is defined below in definitions "(1) through (20)" and is applicable to each trip occurring during the time period requested herein and includes hard copies and accessible computer printouts.  The term "trip" as used herein, is defined as the transportation of one load of cargo (regardless of size and type) from origin(s) to final destination(s):

(1) Drivers trip envelopes and/or trip reports, daily loads or work reports, fuel purchased reports, or any reports made by a driver to the defendants inclusive of daily, weekly or monthly cargo transported, time or mileage records.

(2) Receipts for any trip expenses or purchases regardless of type, such as fuel, food, lodging, equipment maintenance or repair, special or oversize permits, bridge or toll road, loading or unloading, or other receipts.

(3) Cargo pickup or delivery orders prepared by any and all of the defendants, brokers, involved shippers or receivers, motor carriers, drivers, or other persons or organizations.

(4) All bills of lading and/or manifest prepared or issued by any shippers, brokers, transporting motor carriers, receivers of cargo or defendants. This also includes copies of bills of lading and manifest that show signed receipts for cargo along with dates and times of cargo pickup and delivery.

(5) All equipment or cargo loading, unloading or detention records along with any other documents showing pickup and delivery dates and times or detention of equipment or cargo.

(6) All freight bill, inclusive of cargo pickup and delivery copies.

(7) All written instructions, orders, or advice given to drivers in reference to cargo transported, routes to travel, pickup or delivery times by defendants' shippers, receivers, or other persons or organizations.

(8) Dispatch records indicating assignment of equipment and drivers to cargo pickup and delivery, dates and times of pickup and delivery and any other related factors.

(9) Any driver call-in records or other written records indicating communications between company and driver in reference to the movement of cargo, or the day to day operations of the equipment and/or driver.

(10) All accounting records, cargo transportation bills and subsequent payments or other records indicating billings for transportation or subsequent payment for the transportation of cargo. Copies of both the front and back of canceled checks are requested.

(11) All initial or rough driver's trip check in settlement sheets along with all final accounting documents, and computer printouts showing expenses and payments to a driver in reference to a trip or trips.

(12) Any and all motor carrier or driver created fuel, mileage and purchase reports or records.

(13)Copies of original Com Check, Cash Control or similar service records and copies of front and back of all checks received or disbursed in reference to the transportation performed regardless of disbursement reason, inclusive of all checks to drivers.

(14) Any and all computer downloads and/or printouts provided to the defendants by others, including but not limited to Com Check or Cash Control Corp., Trendar or

QualComm, listed by **SUSAN RAE BRAY** or number or truck number, showing the driver and tractor location, time, date and mileage for stops, movements or purchases.

(15) Any and all special or oversize permits and related documents/requests issued to or by any state agency to transport cargo over their territories regardless of the form of the permit.

(16) Any and all records generated by a device on board the driver's vehicle such as a tachograph, electronic control module (ECM), or other device that records the vehicle speed, distance or movements.

(17) Any and all other "trip related documents' created by the defendants or any other persons or organizations but not defined herein in the possession of any of the defendants.

(18) Clearly readable copies of all daily (or other periodic) fuel invoices from such companies as Com Data, Com Check, FCIS, or CCIS.

(19) Clearly readable copies of any and all other computer generated or down loaded data from any satellite location and communication systems or sources such as those known as "QualComm" or Q'Trac's, depicting the location of the tractor/s operated by Driver and all satellite communication between driver and defendants.

(20) Any and all other "supporting documents" as that term is used in the FMCSR, 49 CFR 395.8(K)(1) and defined in Part 395.8 of the U.S. DOT Interpretations.

34. Any and all agreements, contracts or written arrangements in effect on the date of the incident that forms the basis of this action with **SUSAN RAE BRAY** including but not limited to, any contracts to perform transportation services.

35. Any contracts, lease or rental agreements, involving the tractor or trailer in effect on the date of the incident that forms the basis of this action.

36. All driver's daily logs and 70-hour summaries created by **SUSAN RAE BRAY** now in existence, but at least for the period for one month preceding the date of the incident that forms the basis of this suit through present in accordance with FMCSR Part 395 in the possession of any of the defendants. As used herein the term "hours of service records" means any and all documents created in reference to the FMCSR Part 395 including, but not limited to, drivers' daily logs, time cards and records, administrative log audits, 70-hour log audits, yearly and monthly summary sheets, and reports of violations. This includes all reprimands or warnings sent to Driver for violations of the FMCSR Part 395, Drivers Hours of Service Regulations.

37. Any traffic citations, terminal or road equipment and driver compliance inspections, warnings or citations issued to **SUSAN RAE BRAY** by any law enforcement official or agency.

38. Your accident register and records maintained in accordance with FMCSR Part 390.15 for the three years preceding and including the incident made the basis of this suit. This includes, but is not limited to, any reports, correspondence or documentation sent to or received from any persons or organizations and reports made by **SUSAN RAE BRAY** or any other person in reference to the incident that forms the basis of this action.

39. Any and all other files and records in reference to any vehicular accident prior to the incident that forms the basis of this action where Defendant **SUSAN RAE BRAY** was the driver of a vehicle involved in the prior accidents.

40. The minutes of and records from any Safety Committee meeting for the one (1) year prior to the incident that forms the basis of this suit, and for the incident that forms the basis of this action.

41. The minutes of and records from any Accident Review Committee meeting for the one (1) year prior to the incident that forms the basis of this suit and for incident that forms the basis of this action.

42. Any company manuals, driver's manuals, safety manuals, company issued rules and regulations, directives or notices in effect at the time of the incident that forms the basis of this action regarding drivers' work, safety, driving activities, job performance, discipline, pickup and delivery of cargo.

43. All training and educational materials, including, but not limited to, training videos, outlines, handouts, books, or tests ever shown or provided to or used by **SUSAN RAE BRAY** from or by any source including, but not limited to, any trucking schools.

44. Any and all reports of safety audits (compliance reviews) of Defendant. by the Department of Transportation or Department of Public Safety or its agents for four years preceding the date of the incident that forms the basis of this suit to present, together with all correspondence related thereto and the recommendations by the DOT for corrections and, specifically, any documents in reference to violations of the FMCSR.

45. A copy of the organizational chart for Defendant that shows the titles and reporting pathways of corporate management and support personnel.

46. Please produce all documents related to any investigation performed by Defendant of the incident that forms the basis of this suit, as well as any disciplinary action taken as a result of such investigation.

47. Produce copies of all correspondence or other communications from any other entity or persons regarding or referencing claims asserted by any such entity or person arising from the incident that forms the basis of this suit.

48. Copy of all documents filed with the United States Department of Transportation and/or Federal Motor Carrier Safety Administration or any State Motor Carrier Administration

regarding your motor carrier license, including but not limited to all MCS-150 forms and any supplements or amendments thereto.

49. Accident registers maintained pursuant to 49 C.F.R. 390 for the past 3 years.

50. All documents and reports relating to your company drug and alcohol program, including any reports relating to **SUSAN RAE BRAY** for the last two (2) year period.

51. All computerized tracking information, including tachograph or other on-board recording device, GPS, and radar records for the driver and/or the tractor-trailer, including satellite tracking, driver messaging, dispatcher's sheets, registers, and other records pertaining to movement of the tractor or trailer involved in the incident for the 6 month period prior to the incident.

52. The actual electronic control module, black box, onboard computer, or other engine computer containing data regarding the movements or operation of the truck.

53. All data relating to the electronic control module (ECM), black box, any onboard computer or other engine computer for the truck involved in the incident for the day of the incident and for the 6 month period prior to the incident.

54. Bills of ladings, consignor's shipping orders and shipping tickets, freight bills regarding the load being transported at the time of the incident.

55. All records from any Electronic On-Board Recorder (EOBR) relating to SUSAN RAE BRAY hours-of-service (HOS) from any vehicle for the one month period preceding and including the date of the incident that forms the basis of this suit.

56. Complete Driver Investigation History (DIH) File for **SUSAN RAE BRAY**.

57. All information, including billings, reflecting cellular phone or any other mobile communication device usage for any device available to your driver on the date of the incident that forms the basis of this matter, including, but not limited to, all incoming and outgoing calls, incoming and outgoing SMS and MMS text messages, and emails.

58. Your policies and procedures for driver interviews and hiring qualifications.

59. All data and video from any event recording technology systems such as SmartDrive or any other similar event recording system.

60. All data and information from any collision avoidance systems such as VORAD or any other similar collision avoidance system.

CAUSE NO. _____

| | | |
|---|---|---|
| **VICTOR DELACRUZ,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | _____ **JUDICIAL DISTRICT** |
| **BARTON TRANSPORT LLC, AND** | § | |
| **SUSAN RAE BRAY,** | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO
## DEFENDANT SUSAN RAE BRAY,

---

**TO:    DEFENDANT SUSAN RAE BRAY,** PO Box 438, Gautier, Mississippi 39553.

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff requests that the Defendant produce copies of, or permit Plaintiff to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives, or attorneys.

Plaintiff designates the manner of discovery to be by Defendant providing Plaintiff's attorney with a photocopy or duplicate of each of the designated documents, records, or tangible things in Defendant's possession, custody, or control, or by making the designated items available for inspection, sampling, testing, photographing and/or copying at the office of Plaintiff's attorney. If the requested documents, records, or tangible things cannot be readily copied, produced, and delivered to Plaintiff's attorney, or made available for inspection, sampling, testing, photographing, and/or copying at the office of Plaintiff's attorney, Plaintiff is agreeable to conducting discovery in the office of Defendant's counsel or Defendant's premises or obtaining

delivery therefrom. Plaintiff will return Defendant's photographs, movies, video tapes, and tangible unduplicated items to Defendant as requested by Defendant. Plaintiff designates thirty (30) days after service of these requests for discovery and inspection. Pursuant to Rule 193.5 Texas Rules of Civil Procedure, these Requests for Production and Discovery are continuing in nature and require supplementation as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial.

Respectfully submitted,

LAW OFFICES OF THOMAS J. HENRY
4715 Fredericksburg Road, # 507
San Antonio, Texas  78229
(210) 656-1000 - Phone
(361) 985-0601 - Facsimile

By:    ____/s/Scott Sager_____
Thomas J. Henry
State Bar No. 09484210
Scott Sager
State Bar No. 240837778
*email: ssager-svc@tjhlaw.com
*service by email to this address only

ATTORNEYS FOR PLAINTIFF

## FIRST REQUEST FOR PRODUCTION

1.    Complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all statements given by or taken from the Plaintiff, Defendant or any witnesses or persons with knowledge of relevant facts, including complete and legible transcripts.

2.    Complete and legible photocopies of all statements taken from the Plaintiff's by the Defendant, or anyone acting on Defendant's behalf.

3.    All photographs, video tapes, movies, and other graphic representations, including but not limited to plats, surveys, diagrams, sketches, and maps, of the scene of the collision, the vehicles involved, and the parties involved.

4.    Complete and legible photocopies of all statements taken by you, or someone on your behalf, from witnesses and person with knowledge of relevant facts.

5.    All non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations, including but not limited to indemnity agreements, regarding insurance or other coverage for this wreck.

6.    All documents, records, notations, or memoranda relating to the repair and maintenance of your vehicle for the period of one (1) year immediately preceding the wreck.

7.    All documents and records for any vehicle relating to the damage and/or repair resulting from the wreck including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

8.    All documents, records, reports, notations, and memoranda relating to any insurance claims, including property damage claims, or worker's compensation claims made by you as a result of this incident.

9.    All newspaper articles that pertain to or reference the wreck.

10.   All documents, records, reports, notations, or memoranda regarding the Plaintiff from persons or entities that compile claim information, insurance claims, and worker's compensation claims, specifically including the Southwest Index Bureau, ISO, and Colossus.

11.   Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

12.   A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the plaintiff(s) and/or concerning the medical or physical condition of the plaintiff(s) which are in the possession or constructive possession,

custody or control of the defendant, Defendant's attorney or anyone acting on Defendant's behalf, excluding any documents and records provided by Plaintiff.

13. A copy of all documents relating to any criminal records pertaining to any party or witness.

14. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind (including bills) containing information about the *defendant* arising from this accident.

15. Produce for inspection and copying all documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

16. A true, correct, and unaltered copy of your cellular phone or other mobile device bill for the period of two (2) hours before and after the time of the wreck, including all incoming and outgoing phone calls, data usage, emails, text messages, or other electronic communications sent or received.

17. Any and all trial exhibits.

18. Copy of the front and back of your driver's license.

CAUSE NO. _____

| | | |
|---|---|---|
| **VICTOR DELACRUZ,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | _____ **JUDICIAL DISTRICT** |
| **BARTON TRANSPORT LLC, AND** | § | |
| **SUSAN RAE BRAY,** | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT BARTON TRANSPORT LLC

**TO:   DEFENDANT, BARTON TRANSPORT LLC,** Registered Agent, BARTON, GLENN, 25711 YELLOW BLUFF RD, LUCEDALE, MS 39452.

These Interrogatories are filed and served pursuant to Rule 197 Texas Rules of Civil Procedure.  Plaintiff requests that Defendant, answer separately and fully in writing and under oath each of the following interrogatories within thirty (30) days after service of this request.

RESPECTFULLY SUBMITTED,

THE LAW OFFICES OF THOMAS J. HENRY
4715 FREDERICKSBURG RD., SUITE 507
SAN ANTONIO, TEXAS 78229
PHONE: (210) 656-1000
FAX: (361) 985-0601

BY:      /S/ SCOTT SAGER
         THOMAS J. HENRY
         STATE BAR NO.: 09484210
         SCOTT SAGER
         STATE BAR NO.: 240837778
         *email: ssager-svc@tjhlaw.com*
         **ATTORNEYS FOR PLAINTIFF**

**\*service by email to this address only**

## INTERROGATORIES

1.   For the individual answering these Interrogatories on behalf of Defendant, please state:

      a.   Your name and address;
      b.   Your job title, and description.

**ANSWER:**

2.   State the name, job title and description, and address of **SUSAN RAE BRAY**'s immediate supervisor.

**ANSWER:**

3.   State the name, address, telephone number and title of the person or persons involved in the hiring of **SUSAN RAE BRAY**.

**ANSWER:**

4.   State the nature of the trip being made by **SUSAN RAE BRAY**, including the location from which the driver left and the intended destination, including the reason for the trip.

**ANSWER:**

5.   State what type of driver training program or driver monitoring was provided by your company to **SUSAN RAE BRAY**.

**ANSWER:**

6.   If you now contend or will contend that you are not liable in the capacity in which you have been sued, or that there is a defect of parties or names of parties to this suit, fully state your contentions and identify all correct parties by stating their full correct name and by stating all facts which support your contentions.

**ANSWER:**

7.    Do you contend that the Plaintiff's damages were caused in whole or in part by the negligence of a person, persons, or entities who are not a party to this suit?  If so, please state:

    i.    the identity or the person, persons, or entities;

    ii.    all facts which would establish that such person, persons or entities caused Plaintiff's injuries in whole or in part;

    iii.    the exact manner in which Plaintiff's injuries were caused in whole or in part by such person, persons or entities.

**ANSWER:**

8.    State each and every individual act or omission on the part of the Plaintiff you now contend or will contend at trial caused or contributed to the collision.

**ANSWER:**

9.    State each and every factor, other than the alleged negligence of the Plaintiff, which you now contend or will contend at trial contributed to the collision including, but not limited to, acts or omissions of negligence of any other party or parties, or potential Third-Party Defendants; sudden emergency; unavoidable accident; mechanical defect; or Act of God.

**ANSWER:**

10.   State each and every factor you now contend or will contend at trial caused or contributed to the Plaintiffs' damages including, but not limited to, pre-existing physical or medical conditions of the Plaintiffs.

**ANSWER:**

11.   Was the vehicle operated by **SUSAN RAE BRAY** at the time of the collision equipped with a tachograph or other on-board recording device or a satellite location device that would track the vehicle's movements and speed?  If so, please state: (a) the name, address, telephone number, and title of the person or entity presently in possession of such device and the records generated by such device; and (b) manufacturer, make, model, and type (e.g., disc, etc.) of the device.

**ANSWER:**

12.   Was the vehicle operated by **SUSAN RAE BRAY** at the time of the collision equipped with an Electronic On-Board Recorder to monitor drivers' hours of service?

**ANSWER:**

13.   Please describe in detail the method of payment to **SUSAN RAE BRAY** in effect on the date of the collision in question.

**ANSWER:**

14.   Did Defendant have a Safety Director (or other person in charge of driver safety no matter what the title) as of the date of the incident that forms the basis of this action?  If so, please state: (a) name and last known address, with their inclusive dates of employment; (b) the name of the present Safety Director: (c) the name, address and inclusive dates of employment for the predecessor Safety Directors in the 5 years prior to the date of the incident that forms the basis of this action.

**ANSWER:**

15.   On the date of the incident that forms the basis of this action., did Defendant use or have an accident review committee, a safety committee, or a driver review committee, or any other similar body that reviewed driver accidents for purposes of discipline or safety compliance, and if so, please state the name, address and title of each member of such committee, their position with the corporate defendant and their inclusive dates of employment; (b) Did such body or committee review the incident that forms the basis of this action., and if so, please state its finding and conclusions and deliberations.

**ANSWER:**

16.   What discipline or adverse consequences (including warnings, reprimands, interviews, probation, suspension, points, etc.) were suffered by or administered to **SUSAN RAE BRAY** as a result of incident that forms the basis of this suit?

**ANSWER:**

17.   Was **SUSAN RAE BRAY** tested for drugs and alcohol following incident that forms the basis of this suit?  If so, please state the results of such testing, the time and location testing, and the entity that performed the test.

**ANSWER:**

18.     List by date and topic all courses, classes and other training provided to **SUSAN RAE BRAY** (a) related to hazard recognition, accident avoidance, and defensive driving from the time he became a driver for Defendant through the date of the incident that forms the basis of this action.; (b) related to FMCSR Hours of Service Regulations; (c) related to the proper way to fill out driver records of duty status.

**ANSWER:**

19.     Did Defendant have an Incentive Pay program or other similar programs related to driver performance in effect the date of the incident that forms the basis of this action?  If so, please describe the program(s) in detail, or provide a complete copy of each and every program.

**ANSWER:**

20.     Describe in detail your company's incident investigation and review process.

**ANSWER**:

21.     Identify any communication devices available to your driver on the date of the collision made the basis of this suit including, but not limited to, cell phones, two way radios, or any other electronic messaging systems.  For cell phones, provide the complete phone number and name of carrier.

**ANSWER:**

22.     Describe your driver interview and hiring qualifications policies and procedures.

**ANSWER:**

## VERIFICATION

THE STATE OF TEXAS       §
                                     §

COUNTY OF _____  §

       BEFORE ME, the undersigned authority, a Notary Public, on this day personally appeared

_____, representative for **BARTON TRANSPORT LLC**, who being

by me duly sworn under oath deposed and said that he is duly qualified and authorized in all

respects to make this Affidavit, that he has read the above and foregoing answers, and that every

statement contained in this Discovery is within his/her knowledge and completely true and correct.

                     By:     _____
                                        Signature

                                        _____
                                        Print Name

THE STATE OF TEXAS       §
                                     §

COUNTY OF _____  §

       BEFORE ME, the undersigned authority, on this day personally appeared

_____, representative for JLG, Transport, LLC, who being first

duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

       SUBSCRIBED AND SWORN TO on the _____ day of _____, 20_____.

                                         _____
                                        Notary Public, State of Texas
                                         My Commission Expires: _____

CAUSE NO. _____

| | | |
|---|---|---|
| **VICTOR DELACRUZ,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | _____ **JUDICIAL DISTRICT** |
| **BARTON TRANSPORT LLC, AND** | § | |
| **SUSAN RAE BRAY,** | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
## DEFENDANT SUSAN RAE BRAY

---

**TO:** **DEFENDANT SUSAN RAE BRAY,** PO Box 438, Gautier, Mississippi 39553.

These Interrogatories are filed and served pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff requests that Defendant answer separately and fully in writing and under oath each of the following interrogatories within thirty (30) days after service of this request.

Respectfully submitted,

LAW OFFICES OF THOMAS J. HENRY

4715 Fredericksburg Road, # 507
San Antonio, Texas 78229
 (210) 656-1000 - Phone
(361) 985-0601 - Facsimile

By: _____ /s/Scott Sager _____
Thomas J. Henry
State Bar No. 09484210
Scott Sager
State Bar No. 240837778
*email: ssager-svc@tjhlaw.com
*service by email to this address only

**ATTORNEYS FOR PLAINTIFF**

## DEFINITIONS AND INSTRUCTIONS

1.    As used herein, the terms "you" and "your" shall refer to this Defendant, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.    As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.    In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.    "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.   "Identify" or "Identification":

a.   When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

b.   When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

c.   When used in reference to a document, "identify" or "identification" shall include statement of the following:

i.    the title, heading, or caption, if any, of such document;

ii.   the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

iii.   the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

iv.   the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

v.    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

vi.   the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

vii.  the physical location of the document and the name of its custodian or custodians.

6.   "Settlement": as used herein, means:

a.   An oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendants or between any Defendants herein whereby Plaintiff or Defendants have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

    b.    Any resolution of the differences between the Plaintiff and Defendants by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendants.

    c.    The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.    "The wreck" as used herein refers to the wreck made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **November 18, 2015**, through the date of production of responses requested herein.

## INTERROGATORIES

1. State your full name, address, date of birth, social security number, telephone number, driver's license number, type of license, and all restrictions and endorsements to your driver's license. If your driver's license has been suspended, or if any action has ever been initiated to suspend your driver's license, identify the agency that initiated suspension proceedings, the date(s), the reason(s) stated for each suspension, and the ultimate outcome/result.

2. Identify each traffic citation you have received in the past ten (10) years, including any traffic citation you received as a result of this wreck. As used in this Interrogatory "Identify" means to state the date of each citation/ticket, the reason, the disposition, and the location (city and state).

3. Identify each motor vehicle wreck in which you have been involved as a driver, excluding the wreck made the basis of this suit. As used in this Interrogatory "Identify" means to state the date of the wreck, the identity of the other driver(s), the location (including the street, city, and state), and, if fault was determined, the result.

4. If you have ever been arrested for any offense, other than minor traffic violations, state the date of each arrest, the name of each arresting agency, the city and state, the offense charged, the Court, the type of plea entered, and the disposition of each arrest.

5. Identify each of your employers for the past five (5) years, and include dates of employment, your job title, your job duties, how you were paid (commission, hourly, salary, by the job), and the reason for termination/separation of the employment.

6. State whether you were acting within course and scope of any agency, employment (including self-employment), or service at the time of wreck, and if so, state the name of your employer or company for which you were performing tasks, their address, telephone number, your job title, your job duties, dates of employment / service, how you were paid (commission, hourly, salary, by the job), and describe the relationship to this company (i.e., employer/employee, independent contractor, etc.).

7. State where you had been just prior to the wreck, where you were going, and the purpose of the trip.

8. Describe in your own words how the wreck occurred, including the speed or estimated speed that your vehicle was traveling at the time, and any cause or contributing cause of the wreck, including, but not limited to, acts or omissions of negligence of any other party or parties, or potential Third-Party Defendants, sudden emergency, unavoidable accident, mechanical defect, or Act of God.

9. Please state whether there were any witnesses to the wreck (including any passengers in your vehicle or any other vehicle), and if so, give their name, address, and telephone number.

10. State the style, Court and cause number of all lawsuits you have been a party to and the final disposition of said suit.

11. Please provide the name(s) and address(es) of the cellular and/or wireless telephone company and the telephone number of all cellular and/or wireless telephones that were in your vehicle, in your possession, and in the possession of all passengers at the time of the wreck, and state whether you were using a wireless device of any kind at the time of the wreck.

12. State in detail what intoxicating beverages, if any, you had consumed, and what drugs and medications (including prescription and over the counter medications) that you took in the twenty-four (24) hour period prior to the wreck.

13. Identify all illnesses and physical conditions (including visual conditions requiring corrective lens) that you had at the time of the wreck. Please explain how these affect and/or could affect your driving abilities.

14. If you were not the owner of the vehicle you were driving at the time of the wreck, state the name, address, and telephone number of the owner of the vehicle, and whether you had permission from the owner to drive the vehicle.

15. Describe what injuries, if any, you received in the wreck and list any treating health care providers for such injuries.

16. Describe all statements, admissions, or declarations made by Plaintiff or conversations you had with Plaintiff at the time of the wreck, or at any time subsequent to the wreck.

17. State whether any other person, not a party to this lawsuit, has made a claim or filed a lawsuit against you or any other person regarding or pertaining to the wreck, and if so, please state such person's name and address.

18. Do you have any evidence of criminal convictions of any party or witness involved in this case?  If so, please state the following:

    a.  Date of conviction;
    b.  Nature of conviction; and
    c.  Cause number, court, and jurisdiction of conviction.

19. State the names of all insurance companies who had primary or excess (umbrella) insurance coverage in effect on the date(s) of the incident(s) made the basis of the Plaintiff's claims against you and the policy number(s), amount(s) or limit(s) of coverage, which apply to such incident(s).  Include in your answer whether any coverage limit is an aggregate limit, whether such limit has been reduced by any other claim, and if so, the amount of such reduction.

## VERIFICATION

THE STATE OF _____     §
                                §
COUNTY OF _____      §


       **BEFORE ME**, the undersigned authority, a Notary Public, on this day personally appeared _____, who being by me duly sworn under oath deposed and said that he/she is duly qualified and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing answers, and that every statement contained in this Discovery is within his knowledge and completely true and correct.


                _____
                **Signature**


                _____
                **Print**


THE STATE OF _____     §
                                §
COUNTY OF _____      §

       **BEFORE ME**, the undersigned authority, on this day personally _____, who being first duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

       **SUBSCRIBED AND SWORN TO on the** _____ **day of** _____, **2017.**


                _____
                **Notary Public, State of Texas**
My Commission Expires: _____

FILED
7/25/2017 11:14 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* **2017CI13505**          COURT *(FOR CLERK USE ONLY):* _____ 37

STYLED: **VICTOR DELACRUZ V. BARTON TRANSPORT LLC, AND SUSUAN RAE BRAY**
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Scott Sager<br><br>Address:<br>4715 Fredericksburg Rd., Suite 507<br><br>City/State/Zip:<br>San Antonio, TX  78229<br><br>Signature:<br><br>/s/SCOTT SAGER | Email:<br>ssager-svc@tjhlaw.com<br><br>Telephone:<br>(210) 656-1000<br>Fax:<br>(361) 985-0601<br><br>State Bar No:<br><br>24083778 | Plaintiff(s)/Petitioner(s):<br><br>**VICTOR DELACRUZ**<br><br>Defendant(s)/Respondent(s):<br><br>**BARTON TRANSPORT LLC,<br>SUSAN RAE BRAY**<br><br>[Attach additional page as necessary to list all parties] | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1):***

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>_____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>  ☐ Accounting<br>  ☐ Legal<br>  ☐ Medical<br>  ☐ Other Professional<br>    Liability:<br>☒ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>  ☐ Asbestos/Silica<br>  ☐ Other Product Liability<br>    List Product:<br><br>☐ Other Injury or Damage:<br>_____ | ☐ Eminent Domain/<br>  Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>_____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>  ☐ With Children<br>  ☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>  Pre-indictment<br>☐ Other: _____ | ☐ Enforce Foreign<br>  Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>  of Minority<br>☐ Other: _____ | ☐ Adoption/Adoption with<br>  Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental<br>  Rights<br>☐ Other Parent-Child:<br>_____ |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment:<br>_____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>  Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1):***

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)***
☐ Less than $100,000, including damages of any kind, penalties, costs expenses, prejudgment interest, and attorney fees
☐ Less than $100,000 and non monetary releif
☐ Over $100,000 but not more than $200,000
☐ Over $200,00 but not more than $1,000,000
☒ Over $1,000,000

FILED
9/1/2017 10:19 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Isaias Ibarra

CAUSE NO. 2017-CI-13505

| | | |
|---|---|---|
| VICTOR DELACRUZ, | § | IN THE DISTRICT COURT OF |
|     Plaintiff | § | |
| | § | |
| v. | § | 37TH JUDICIAL DISTRICT |
| | § | |
| BARTON TRANSPORT LLC, AND | § | |
| SUSAN RAE BRAY, | § | |
|     Defendants. | § | BEXAR COUNTY, TEXAS |

## ORIGINAL ANSWER OF DEFENDANT
## BARTON TRANSPORT LLC

Defendant Barton Transport LLC ("Barton" or "Defendant") files this Answer in response to Plaintiff's Original Petition and states as follows:

### GENERAL DENIAL

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of all the matters pled by Plaintiff and asks the Court to require Plaintiff to prove his charges and allegations by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

### DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming or accepting any burden of proof that would otherwise lie with Plaintiff, Defendant pleads the following:

1.    The injuries and damages claimed by Plaintiff were due, in whole or in part, to events and/or conditions existing before or arising subsequent to the event made the basis of this lawsuit and were not caused by any acts or omissions of Defendant.

2.    Other persons were responsible for this incident and the injuries and damages claimed by Plaintiff.

3.     Plaintiff's acts or omissions contributed to or caused the incident in question.

4.     On the occasion in question, Plaintiff failed to exercise that degree of care which persons of ordinary care would have exercised in the same or similar circumstances, and such failure was the sole cause and/or proximate cause of the alleged injuries.

5.     Plaintiff has failed to mitigate his alleged damages.

6.     Defendant invokes the limitations contained in the Tex. Civ. Prac. & Rem. Code §41.0105 as to the recovery of medical and health care expenses.  Plaintiff's recovery is limited by the amounts of reasonably and necessary medical expenses which were actually paid and incurred rather than the total amount of medical expenses charged.

7.     Defendant is entitled to a credit against any medical expenses, damages awarded for amounts written off, discounted, or not actually paid and incurred and for which Plaintiff will no longer be responsible.

8.     Defendant requests that Plaintiff respond to the disclosure requests contained in TEX. R. CIV. P. 194.2(a)-(l).

Defendant specifically reserves the right to assert additional defenses, affirmative defenses, claims, counterclaims, cross-claims, or causes of action that may become appropriate based upon investigation or other discovery that may occur during the course of litigation.

WHEREFORE, Defendant Barton Transport LLC prays that upon final trial hereof the Court enter an order that Plaintiff take nothing from this Defendant and for such other and further relief to which this Defendant may be justly entitled.

ORIGINAL ANSWER OF DEFENDANT
BARTON TRANSPORT LLC                                                                          2

Respectfully submitted,

*/s/ Raven R. Applebaum*

Barham Lewis
SBN: 12277400
barham.lewis@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
500 Dallas, Suite 3000
Houston, Texas  77002-4709
713.655.5767 (phone)
713.655.0020 (fax)

Raven R. Applebaum
SBN: 24043644
raven.applebaum@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
2700 Weston Centre
112 East Pecan Street
San Antonio, TX  78205
210.354.1300 (phone)
210.277.2702 (fax)

**ATTORNEYS FOR DEFENDANT**
**BARTON TRANSPORT LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of September, 2017, and in a manner prescribed by the Texas Rules of Civil Procedure, a true and correct copy of the above and foregoing instrument was forwarded to:

Thomas J. Henry
Scott Sager
The Law Offices of Thomas J. Henry
4715 Fredericksburg Road, Suite507
San Antonio, Texas  78229
**ATTORNEYS FOR PLAINTIFFS**

*/s/ Raven R. Applebaum*
Barham Lewis / Raven R. Applebaum

31072018.1

ORIGINAL ANSWER OF DEFENDANT
BARTON TRANSPORT LLC

3

PRIVATE PROCESS

2017CI13505 S00001

Case Number: 2017-CI-13505

**VICTOR DELACRUZ**
**VS.**
**BARTON TRANSPORT LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: BARTON TRANSPORT LLC

BY SERVING ITS REGISTERED AGENT, BARTON GLEN

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY, a default judgment may be taken against you." Said ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY was filed on the 25th day of July, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 26TH DAY OF JULY A.D., 2017.

SCOTT SAGER
ATTORNEY FOR PLAINTIFF
4715 FREDERICKSBURG RD 507
SAN ANTONIO, TX 78228



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Lilyana Esquivel*, Deputy

*Anita Berns 8-3-17*

VICTOR DELACRUZ
VS
BARTON TRANSPORT LLC ET AL

**Officer's Return**

Case Number: 2017-CI-13505
Court: 37th Judicial District Court

I received this CITATION on the_____ day of_____, 20_____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY on the date of delivery endorsed on it to_____, in person on the _____ day of_____, 20_____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

PRIVATE PROCESS

Case Number: 2017-CI-13505



2017CI13505  S00001

VICTOR DELACRUZ
VS.
BARTON TRANSPORT LLC ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: BARTON TRANSPORT LLC

SEE ATTACHED AFFIDAVIT
INCORPORATED HEREIN FOR ALL PURPOSES

BY SERVING ITS REGISTERED AGENT, BARTON GLEN

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY, a default judgment may be taken against you." Said ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY was filed on the 25th day of July, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 26TH DAY OF JULY A.D., 2017.

SCOTT SAGER
ATTORNEY FOR PLAINTIFF
4715 FREDERICKSBURG RD 507
SAN ANTONIO, TX 78228

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Lilyana Esquivel*, Deputy

---

VICTOR DELACRUZ
VS
BARTON TRANSPORT LLC ET AL

**Officer's Return**

Case Number: 2017-CI-13505
Court:  37th Judicial District Court

I received this CITATION on the 4th day of August, 2017 at 11:ʰ o'clock A.M. and ✓ executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY on the date of delivery endorsed on it to_____, in person on the 9th day of August, 2017 at _____ o'clock ___M. at:_____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____



Bexar _____ County, Texas

By: Kenneth L. Droddy

SEE ATTACHED AFFIDAVIT
INCORPORATED HEREIN FOR ALL PURPOSES

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

SEE ATTACHED AFFIDAVIT
INCORPORATED HEREIN FOR ALL PURPOSES

Declarant _____

RETURN TO COURT (DK002)

DOCUMENT SCANNED AS FILED

CAUSE NO. 2017-CI-13505

| VICTOR DELACRUZ | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | |
| BARTON TRANSPORT LLC, AND SUSAN RAE | § | |
| BRAY | | |
| Defendants. | § | 37TH JUDICIAL DISTRICT COURT |

## AFFIDAVIT OF SERVICE - CERTIFIED MAIL

"The following came to hand on August 4, 2017, at 11:00 am,

CITATION WITH PLAINTIFF'S ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY,

and was executed on Wednesday, August 09 2017 by mailing to BARTON GLEN, REGISTERED AGENT FOR BARTON TRANSPORT LLC. at 25711 Yellow Bluff Road, Lucedale, MS 39452, by Certified Mail, Return Receipt Requested, Receipt No. 7011-1570-0001-4690-8914, a true copy of this citation.

PS Form 3811 was returned on 08.21.17 having been signed on 08.17.17 and is attached hereto.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is Kenneth L. Droddy, my date of birth is 08.23.1961 and my address is 301 South Main Avenue, San Antonio, TX 78204, and United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Bexar County, State of TX, on August 23, 2017.

_Kenneth L. Droddy_

Kenneth L. Droddy
SCH5545 Exp. 08/31/18

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Barton, Glen
25711' Yellow Bluff
Lucedale MS
39452

9590 9402 2843 7069 9011 17

2. Article Number (Transfer from service label)

7011 1570 0001 4690 8914

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X D Barton
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
D. Barton                        8/4/17

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

# 13505                          8/21/17

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   DOCUMENT SCANNED AS FILED   Domestic Return Receipt



**USPS TRACKING #**

GULFPORT MS 395

07 AUG 2017 PM 2 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

.9590 9402 2843 7069 9011 17

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

301 S. main Ave.
San Antonio, Tx
78204

# USPS Tracking® Results

FAQs  〉 (http://faq.usps.com/?articleId=220900)

Track Another Package **+**

Remove ✕

**Tracking Number:** 70111570000146908914

▶          ▶          ▶    Delivered

## Product & Tracking Information

See Available Actions

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™

See tracking for related item: 9590940228437069901117 (/go/TrackConfirmAction?
tLabels=9590940228437069901117)

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **August 17, 2017, 9:12 am** | **Delivered** | **LUCEDALE, MS 39452** |
| | ▲ | |
| Your item was delivered at 9:12 am on August 17, 2017 in LUCEDALE, MS 39452. | | |
| August 14, 2017, 11:26 am | Notice Left (No Authorized Recipient Available) | LUCEDALE, MS 39452 |
| August 14, 2017, 9:52 am | In Transit to Destination | ON ITS WAY TO LUCEDALE, MS 39452 |
| August 13, 2017, 9:52 am | In Transit to Destination | ON ITS WAY TO LUCEDALE, MS 39452 |
| August 12, 2017, 8:52 pm | Departed USPS Regional Facility | GULFPORT MS DISTRIBUTION CENTER |
| August 12, 2017, 4:53 pm | Arrived at USPS Regional Destination Facility | GULFPORT MS DISTRIBUTION CENTER |
| August 12, 2017, 2:36 am | Departed USPS Regional Facility | MOBILE AL DISTRIBUTION CENTER ANNEX |
| August 11, 2017, 12:38 pm | Arrived at USPS Regional Destination Facility | MOBILE AL DISTRIBUTION CENTER ANNEX |
| August 11, 2017, 9:45 am | In Transit to Destination | ON ITS WAY TO LUCEDALE, MS 39452 |
| August 10, 2017, 9:45 am | In Transit to Destination | ON ITS WAY TO LUCEDALE, MS 39452 |
| August 9, 2017, 11:45 pm | Arrived at USPS Regional Origin Facility | SAN ANTONIO TX DISTRIBUTION CENTER |
| August 9, 2017, 6:36 pm | USPS in possession of item | SAN ANTONIO, TX 78246 |

See Less ∧

DOCUMENT SCANNED AS FILED

PRIVATE PROCESS

2017CI13505   S00002

Case Number: 2017-CI-13505

**VICTOR DELACRUZ**
**VS.**
**BARTON TRANSPORT LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: SUSAN RAE BRAY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY, a default judgment may be taken against you." Said ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY was filed on the 25th day of July, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 26TH DAY OF JULY A.D., 2017.

SCOTT SAGER
ATTORNEY FOR PLAINTIFF
4715 FREDERICKSBURG RD 507
SAN ANTONIO, TX 78228



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Lilyana Esquivel*, Deputy

*Anita Berns 8-3-1)*

---

VICTOR DELACRUZ
VS
BARTON TRANSPORT LLC ET AL

**Officer's Return**

Case Number: 2017-CI-13505
Court:   37th Judicial District Court

I received this CITATION on the_____ day of_____, 20_____ at_____o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached ORIGINAL   PETITION   WITH   REQUESTS   FOR   DISCLOSURE   AND   ATTACHED   DISCOVERY   on   the   date   of   delivery   endorsed   on   it to_____, in person on the _____ day of_____, 20_____ at _____ o'clock ___M. at_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

FILE COPY (DK002)

DOCUMENT SCANNED AS FILED